PSH
PARTRIDGE SNOW & HAHN LLP
COUNSELORS AT LAW

May 27, 2005

HAND DELIVERED

Clerk's Office
United States District Court
District of Rhode Island
2 Exchange Terrace
Providence, RI 02903

RECEIVED
MAY 27 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Re: Lenox Hotel, Inc. v. Peachtree Fabrics, Inc.
C.A. No.: 05-230

Dear Sir/Madam:

Enclosed please find a Certified Copy of File and Docket for the above-captioned matter.

Thank you for your attention to this matter.

Very truly yours,

Carolyn P. Medina

Carolyn P. Medina

CPM/agm
Enclosure

4

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS PAGE 1
RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 05/04/2005
SUPERIOR COURT CIVIL INFORMATION SYSTEM

DOCKET EVENT LISTING

CASE NO.: PC2005 2215 TYPE CONTRACT DAMAGES
TITLE: LENOX HOTEL INC V PEACHTREE FABRICS INC
FILING DATE: 05-03-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| BROWNSTONE CONSTRUCTION | BPL | Souza,Maurene | AOR |
| FOUR POINTS BY SHERATON LEOMIN | BPL | Souza,Maurene | AOR |
| LENOX HOTEL INC | BPL | Souza,Maurene | AOR |
| PEACHTREE FABRICS INC | BDF | Unknown,Attorney | AOR |
| PMA I L P | BPL | Souza,Maurene | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| LSB | 05-03-2005 | | | |
| COMPLAINT FILED | | | | |

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

4

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

LENOX HOTEL, INC. d/b/a BROWNSTONE CONSTRUCTION, PMA I, L.P., d/b/a FOUR POINTS BY SHERATON LEOMINSTER

CA. No. 05- 2215

vs.

PEACHTREE FABRICS, INC.

**COMPLAINT**

**Parties**

1. Plaintiff, Lenox Hotel, Inc. d/b/a Brownstone Construction ("Lenox"), is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business at 1140 Reservoir Avenue, Cranston, Rhode Island 02920.

2. Plaintiff, PMA I, L.P. d/b/a Four Points by Sheraton Leominster ("Hotel") is a limited partnership organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 99 Erdman Way, Leominster, Massachusetts 01453. Lenox and Hotel are hereinafter referred to collectively as Plaintiffs.

3. Defendant, Peachtree Fabrics, Inc. ("Peachtree"), upon information and belief, is a corporation organized and existing under the laws of the State of Georgia with a principal place of business at 1400 English Street N.W., Atlanta, Georgia 30318.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAY -3 P 12: 31

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**Jurisdiction**

4. The amount in controversy exceeds the sum of $10,000 and the jurisdictional requirement of this Court as set forth in R.I.G.L. §8-2-14.

5. This Court has personal jurisdiction over Peachtree as Defendant has by and through its agents purposefully entered the State of Rhode Island to conduct business and has intentionally entered into contracts with Plaintiffs to supply fabric. The within legal action arises from Peachtree's deliberate and intentional contacts with, in and to the forum State in accordance with R.I.G.L. §9-5-33.

**Background**

6. On or about July 18, 2001, Plaintiffs entered into a written contract with Peachtree to purchase a certain fabric described as "Aspen # 90574-011" (the "fabric") pursuant to Brownstone Purchase Order 51-R-100012 ("Purchase Order"). A true copy of the Purchase Order is appended hereto as Exhibit 1 and is incorporated by reference herein.

7. Plaintiffs specified the use of this fabric for a variety of seating, including lounge chairs and ottomans for guest rooms in the Hotel.

8. Furthermore, the Purchase Order specified that the fabric "will meet 30,000 double rubs with backing," and further states that the description of the fabric is "Aspen #90574-11 with acrylic backing."

9. In accordance with the Purchase Order, the fabric was subsequently shipped by Defendant to Jackson of Danville in Danville, Kentucky for use in upholstering the seating for Hotel.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

10. On or about February 26, 2002, Plaintiffs noticed that the fabric was prematurely deteriorating and fraying at the seams and edges.

11. Notice was given to Defendant by letter on behalf of Plaintiffs dated February 26, 2002 regarding the premature fabric failure along with a sample of the fabric taken from the seating. A true copy of the letter is appended hereto as Exhibit 2 and is incorporated by reference herein.

12. Plaintiffs then retained ROI Industries to evaluate the matter regarding the premature failure of the fabric and to conclude if the wear was due to assembly of the seating or due to the fabric itself.

13. By letter dated May 2, 2002, ROI indicated that the failure was due to the fabric, indicating the fabric lacked the acrylic backing specified in the Purchase Order. A true copy of the letter is appended hereto as Exhibit 3 and is incorporated by reference herein.

14. On or about April 2, 2004, Plaintiffs submitted samples of the fabric for formal testing to Spectra Probe of Slingersland, New York to determine analytically if the fabric contained the specified acrylic backing.

15. The results indicated the fabric did not contain the additional coating material as specified by Plaintiffs to meet the "30,000 double rubs" requirement. A true copy of the Spectra Probe report is appended hereto as Exhibit 4 and is incorporated by reference herein.

16. By letter dated April 7, 2004, Michael A. Voccola, on behalf of Plaintiffs, notified Peachtree of the preliminary results of the testing and demanded Peachtree to "put the Hotel in the position it should have been had Peachtree adhered to the criteria and

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

specifications it was provided." A true copy of the letter is appended hereto as Exhibit 5 and is incorporated by reference herein.

17. By e-correspondence dated April 21, 2004, Michael Voccola, sent James Williams, National Operations Manager for Peachtree, a proposal for addressing the reupholstering of the seating. A true copy of the e-mail is appended hereto as Exhibit 6 and is incorporated by reference herein.

18. By letter dated July 26, 2004, Peachtree stated that it was the opinion of the mill, Valdese Weavers, that the fabric failure was due to "something outside of the normal usage and care for the fabric," or from the method in which the fabric was cleaned. Defendant stated in the letter it found no merit to Plaintiffs' claim, and to date has not taken measures to remedy the fabric failure. A true copy of the letter is appended hereto as Exhibit 7 and is incorporated by reference herein.

19. As a result, Plaintiffs have been forced to either make rudimentary repairs to the seating or to take much of the seating out of service. Furthermore, Plaintiffs have experienced loss of revenue as a result of the cost of placing guestrooms of the Hotel out of service due to the missing furniture.

20. Additionally, Plaintiffs face potential demerits from various hotel and resort reviewing agencies as a result of their inspections to insure that Sheraton-branded hotels meet their operating and appearance criteria.

**Count I: Breach of Contract**

21. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 20 above as if fully set forth and realleged herein.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

22. Defendant Peachtree entered into a written contract with Plaintiffs on or about July 18, 2001 pursuant to the Purchase Order to deliver fabric that conformed to the specification delineated in the Purchase Order.

23. Defendant failed to provide Plaintiffs fabric that conformed to the specifications agreed upon in the Purchase Order.

24. Plaintiffs notified Defendant of the results of the testing and gave Defendant an opportunity to cure the non-conformity in accordance with §6A-2-608.

25. Defendants failed or refused to cure the non-conformity.

26. Said refusal is a breach of Defendant's duties and obligations as per the parties' agreement and a breach of contract.

WHEREFORE, Plaintiffs demand this Court enter judgment in favor of Plaintiffs and against Defendant for compensatory damages plus interest, costs, and the reasonable attorneys' fees and expenses incurred by Plaintiffs as set forth in R.I.G.L. §9-1-45; the cost of Plaintiffs' procurement of substitute goods in accordance with R.I.G.L. §6A-2-712; incidental and consequential damages resulting from Defendant's breach in accordance with R.I.G.L. §6A-2-715 including, without limitation, all costs associated with replacement of the fabric such as the cost to reupholster the seating, loss of revenue from guestrooms that have not been utilized due to the loss of seating; and any other and further relief this Court deems fair and just.

**Count II: Breach of Warranty of Merchantability And Fitness for a Particular Purpose**

27. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 26 above as if fully set forth and realleged herein.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

28. Defendant Peachtree expressly warranted that the fabric sold to Plaintiffs was merchantable and fit for its particular purpose in accordance with R.I.G.L. §§6A-2-314-315.

29. Plaintiffs relied on Defendant's skill and judgment to furnish suitable fabric to withstand the "30,000 double-rub" backing specifications.

30. Defendant Peachtree breached warranties of merchantability and fitness for a particular purpose which accompanied the sale of the fabric by virtue of providing fabric to Plaintiffs not in conformity with the specifications that the parties agreed upon.

31. The breaches of warranty by Defendant Peachtree were the legal and proximate cause of the damages sustained by Plaintiffs.

WHEREFORE, Plaintiffs demand this Court enter judgment in favor of Plaintiffs and against Defendant for compensatory damages plus interest, costs, and the reasonable attorneys' fees and expenses incurred by Plaintiffs as set forth in R.I.G.L. §9-1-45; the cost of Plaintiffs' procurement of substitute goods in accordance with R.I.G.L. §6A-2-712; incidental and consequential damages resulting from Defendant's breach in accordance with R.I.G.L. §6A-2-715 including, without limitation, all costs associated with replacement of the fabric such as the cost to reupholster the seating, loss of revenue from guestrooms that have not been utilized due to the loss of seating; and any other and further relief this Court deems fair and just.

**Count III: Breach of Express Warranty of Workmanship and Material**

32. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 31 above as if fully set forth and realleged herein.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

33. Defendant Peachtree expressly warranted that the fabric would be free of defects in workmanship and material pursuant to R.I.G.L. §6A-2-313.

34. Defendant Peachtree breached the express warranties which accompanied the sale of the fabric by virtue of providing fabric to Plaintiffs not in conformity with the specifications that the parties agreed upon.

35. The breaches of warranty by Defendant Peachtree were the legal and proximate cause of the damages sustained by Plaintiffs.

WHEREFORE, Plaintiffs demand this Court enter judgment in favor of Plaintiffs and against Defendant for compensatory damages plus interest, costs, and the reasonable attorneys' fees and expenses incurred by Plaintiffs as set forth in R.I.G.L. §9-1-45; the cost of Plaintiffs' procurement of substitute goods in accordance with R.I.G.L. §6A-2-712; incidental and consequential damages resulting from Defendant's breach in accordance with R.I.G.L. §6A-2-715 including, without limitation, all costs associated with replacement of the fabric such as the cost to reupholster the seating, loss of revenue from guestrooms that have not been utilized due to the loss of seating; and any other and further relief this Court deems fair and just.

**Count IV: Breach of Good Faith**

36. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 35 above as if fully set forth and realleged herein.

37. Pursuant to R.I.G.L. §6A-1-203, every contract imposes an obligation of good faith in its performance or enforcement.

38. Defendant Peachtree acted in bad faith and unfairly and breached its obligation of good faith and fair dealing.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

39. As a direct and proximate result of Peachtree's breach, Plaintiffs have suffered and continue to suffer damages. Those damages include, without limitation, cost of replacement, lost profits, loss of business, and additional labor and expenses incurred.

WHEREFORE, Plaintiffs demand this Court enter judgment in favor of Plaintiffs and against Defendant for compensatory damages plus interest, costs, and the reasonable attorneys' fees and expenses incurred by Plaintiffs as set forth in R.I.G.L. §9-1-45; the cost of Plaintiffs' procurement of substitute goods in accordance with R.I.G.L. §6A-2-712; incidental and consequential damages resulting from Defendant's breach in accordance with R.I.G.L. §6A-2-715 including, without limitation, all costs associated with replacement of the fabric such as the cost to reupholster the seating, loss of revenue from guestrooms that have not been utilized due to the loss of seating; and any other and further relief this Court deems fair and just.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

LENOX HOTEL, INC. d/b/a BROWNSTONE CONSTRUCTION, PMA I, L.P., d/b/a FOUR POINTS BY SHERATON LEOMINSTER

By their attorneys,

Maurene G. Souza

Maurene G. Souza, Esq. #6555
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700 (telephone)
(401) 454-8755 (facsimile)
Dated: 5/03/05

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

G:\Procaccianti Group\Peachtree\Pleadings\Complaint 032205.doc

# Revised PURCHASE ORDER

**No. 51-R-10012**

**PO Date:** 6/8/2001
**Revised** 7/18/2001

## Sheraton Four Points - Leominster MA

Purchase Order number must appear on all correspondence and acknowledgements.

**Number of Items in PO :** 1

| | |
|---|---|
| Sally Forbes<br>Peachtree Fabrics, Inc.<br>1400 English Street<br><br>Atlanta, GA 30318 | Accounts Payable -51<br>Brownstone Const./ Leominister<br>PMA I, LP<br>1140 Reservoir Avenue<br>Cranston, RI 02920 |
| **Our Account #** 631625 **Ph:** 800-881-7561 **Fax:** 877-272-8791 | **Terms** Net 30 **Ph:** 401-946-4600 **Fax:** 401-943-6320 |

**PO notes** NOTE YOUR FAX OF 6/12/01 STATING THIS PATTERN WILL MEET 30,000 DOUBLE RUBS WITH BACKING THANKS - -- JEFF

**Revised** 7/18/2001

| Control # | Item Descr. | Manfacturer | Quantity | Unit | Unit Cost | Total Cost |
|---|---|---|---|---|---|---|
| 51S-7F1 | Fabric - seating | Peachtree Fabrics | 1800 | YD | $12.20 | $21,960.00 |

**Area:** 70 Guestroom-Typical

**Tag:** Lnge Chairs, Ott, & Sofas in

**Description & Model No.** Aspen #90574-11 - WITH ACRYLIC BACKING

**Dim.** 54"

**Fin. Cov.** 61% Cotton, 39% Polyester

**Special Instruct.** (Verify fabric meets all local & state regulations)

**Fire Rating** CAL 117E **Cost Code:** **Ship Date** 8/10/2001

**Total Unit Cost of Items** $21,960.00
**Shipping**
**Tax**

**Authorized by:** **Date:** 4/2/2004

**Brownstone PO Contact:** **Date:**

**Total Purchase Order Amount** $21,960.00

**SHIP VIA** Logical Logistics **F.O.B.** Plant

C.O.M. Department
Jackson of Danville
259 Stewart Lane Industrial Park

Danville, KY 40422
**Ph:** 800-522-7632
**Fax:** 800-809-3962

IMPORTANT - PLEASE NOTE
BEFORE SHIPPING CONTACT ROUTING CONTROL DESK AT 888-205-1823
FOR ROUTING INSTRUCTIONS
LOGICAL LOGISTICS SOLUTIONS IS OUR FRIEGHT MANAGEMENT COMPANY
SHIPMENTS WEIGHING LESS THAN 100 LBS. SHOULD BE SENT BY U.P.S.
NOTE: PLEASE FAX SIGNED BILL OF LADING TO 704-566-4771

**Notify 24 Hours Before Delivery**

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

February 26, 2002

Ronny Loban
1400 English St.
Atlanta, GA 30318

Dear Ronny,

SUBJECT: SHERATON FOUR POINTS - LEOMINSTER, MA

Enclosed is the seam sample that you requested. I removed it from a side corner of the ottoman.

Please send me your phone & fax number so that I may forward information about the quantities and types of fabric failures to you towards the end of the week.

Thank you for your prompt attention to this matter.

Sincerely,

Polly W. Tran

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

ROI INDUSTRIES
*Refurbished Office Interiors*

May 2, 2002

Mr. John Wormly
Lenox Hospitality Design
1140 Reservoir Avenue
Cranston, RI 02920

RE: **Sheraton Four Points**
**99 Erdman Way**
**Leominster, MA**

**OBJECTIVE:**
Establish the reason for the fabric fraying at the seams and edges on the guest room furniture. This product was installed within the past 14 months at the above referenced facilities.

**OBSERVATION:**
The furniture viewed reflected loose threads at the seams and edges and the problem continues to persist even after cutting them back.

**OPINION:**
The fabric's back was not thoroughly visible upon closer inspection but it is an opinion that the fabric did not have an acrylic backing.

**CONCLUSION:**
In an effort to establish the above opinion a new sample was requested from Peach Tree Fabrics for the product, Aspen 90574-11 with the acrylic backing to compare with the fabric in use.

Best regards,

Richard Dunn
ROI Industries

rue Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

"Quality, Value & Service...Without Exception"
25 NEWPORT STREET, FITCHBURG, MASSACHUSETTS 01420 • (978) 342-3366 • FAX (978) 345-0644

Infrared Microscopy Services
Extended Mid-IR Spectrometry
Services

# ANALYTICAL REPORT

**Sample 1: Fabric Specimen-Manufacture's Sample-Untreated**
**Sample 2: Fabric Specimen # 1-Ottoman Cushion**
**Sample 3: Fabric Specimen #2-Ottoman Frame**

---- Samples were received on 04/05/2004----

PO#: C-5104006
invoice # 240474

Prepared for

**Mr. Robert H. Bornstein**
**Director of Procurement**
**The Procaccianti Group**

**1140 Reservoir Avenue**
**Cranston, RI 02920**

**April 14, 2004**

By Dr. Lee H. Miaw
President
Spectra-Probe
71 Middlesex Drive
Slingerlands, NY 12159

rue Copy Attest



Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# TABLE OF CONTENTS


| Item | Page |
| --- | --- |
| Sample Description/ Microscopic Observation | 1 |
| Analytical Results | 2 |
| Conclusion | 3 |


rue Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# SAMPLE DESCRIPTION

Sample Type: 1) Fabric Specimen-Manufacture's Sample-Untreated
2) Fabric Specimen #1-Ottoman Cushion
3) Fabric Specimen #2-Ottoman Frame

Received at: 10:00AM, 04/05/2004 via FedEx
Submitted By: Mr. Robert H. Bornstein

Spectra-Probe Sample #:
1). BSTONE404-01—Manufacture's sample
2). BSTONE404-02—Specimen #1,Ottoman Cushion
3). BSTONE404-03—Specimen #2,Ottoman Frame

Tests Requested: To determine and compare to the manufacture's sample if there is an additional latex treatment applied to the backing of specimen #1 and specimen #2.

Requested Completion Date : ASAP

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## ANALYTICAL RESULTS

Inspecting the manufacture's sample and the two specimens under a stereoscope, one notes that the backings of the three fabric are similar in that the fibers in the yarns of the three fabric are coated. However, there are no addition coatings applied to the two specimens when they are compared to the manufacture's sample. The coatings on the fibers in the backings of the three fabric are retrieved for FTIR ( Fourior Transformed Infrared) spectroscopic analysis to determine the chemical nature of the coatings.

**FTIR Analysis**

**Sample : Manufacture's Sample**

Several coating samples are retrieved from various locations in the fabric backing. All the FTIR spectra obtained for these samples indicate the presence of an acrylic based, mineral filled coating material.

**Sample : Specimen #1-Ottoman Cushion**

Several coating samples are retrieved from various locations in the fabric backing. All the FTIR spectra obtained for these samples indicate the presence of an acrylic based, mineral filled coating material. No additional coating material is detected in Specimen #1 when compared to the manufacture's sample.

**Sample : Specimen #3-Ottoman Frame**

Several coating samples are retrieved from various locations in the fabric backing. All the FTIR spectra obtained for these samples indicate the presence of an acrylic based, mineral filled coating material. No additional coating material is detected in Specimen #2 when compared to the manufacture's sample.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# CONLUSION

The following is a summary of the analytical data obtained in the analysis of the three fabric samples.

A). Manufacture's sample

- The fibers in the fabric backing are coated.
- The coating is acrylic based, mineral filled material.

B). Specimen #1- Ottoman Cushion

- The fibers in the fabric backing are coated.
- The coating is an acrylic based, mineral filled material.
- Compared to the manufacture's sample, there are no additional coatings detected on the fabric backing of specimen #1.

C). Specimen #2 - Ottoman Frame

- The fibers in the fabric backing are coated.
- The coating is an acrylic based, mineral filled material.
- Compared to the manufacture's sample, there are not additional coatings detected on the fabric backing of specimen #2.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

THE PROCACCIANTI GROUP

*Michael A. Voccola, Esq.*
*Director of Business Development*
*401 946 4600 Extension 136*
*mvoccola@procgroup.com*

April 7, 2004

James Williams
Quality Control
Peachtree Fabrics, Inc.
1400 English Street N.W.
Atlanta, Georgia 30318-4114
- *Via Overnight Delivery* -

Re: ***Lenox Hospitality Design***
***Sheraton Four Points Leominster***
***Leominster, Massachusetts***
***Issues Regarding "Aspen" Fabric, Your Item # 90574-011***

Dear Mr. Williams:

I write on behalf of The Procaccianti Group, L.L.C. ("Procaccianti"), Lenox Hospitality Design ("LHD"), PMA I, L.P., d/b/a Four Points by Sheraton Leominster ("Hotel"), and Brownstone Construction ("Brownstone"), all entities of The Procaccianti Group, L.L.C., and sometimes collectively "Procaccianti". I write with specific regards to the referenced fabric that was specified by LHD for use at the Hotel.

On behalf of Procaccianti, LHD, Hotel and Brownstone, we have experienced a significant problem with the referenced fabric, and various attempts to rectify it have not been successful.

In early 2001, LHD selected the referenced fabric from Peachtree Fabrics, Inc. ("Peachtree"), pursuant to a product information sheet reflecting an expected delivery date of March 29, 2001, copy enclosed. LHD subsequently specified this fabric for use on a variety of seating, including lounge chairs and ottomans, pursuant to Brownstone Purchase Order 51-R-100012, dated July 18, 2001, copy enclosed. This Purchase Order requires that the selected fabrics be shipped to Jackson of Danville for use on the selected seating. Note also that this Purchase Order specifies that the selected fabric "*will meet 30,000 double rubs with backing*", and that it further states that the description of the selected fabric is "*Aspen #90574-11 with acrylic backing*".

Peachtree subsequently shipped the material to Jackson of Danville for use in the assembly of the selected seating. This was with Procaccianti's specific understanding

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island



6

7

that the selected fabric met the specifications set forth in the referenced Purchase Order.

On or about February 26, 2002, we noticed that the fabric was experiencing premature wear and deterioration, and an inventory of failing seating using the specified fabric was prepared. Polly Tran of LHD wrote to Ronny Loban of Peachtree on February 26, 2002 regarding the fabric failures and provided a sample of the seam as requested by Mr. Loban pursuant to an earlier telephone call between them. A copy of Ms. Tran's letter is enclosed.

In addition, on March 19, 2002, John Wormley of LHD wrote to Bryan Habig of Kimball, the manufacturer of the seating and installer the subject fabric, and complained about the premature failure. At that time, Procaccianti as under the impression the failure was an issue regarding assembly and not premature fabric failure. A copy of Mr. Wormley's message to Mr. Habig is enclosed.

On March 22, 2002, Mr. Wormley received a response from Todd Boyd of Kimball regarding Mr. Wormley's message to Mr. Habig. It appears that Peachtree Fabric did not ship the proper fabric to Kimball, as the fabric shipped lacked the acrylic backing specified in the original Brownstone Purchase Order # 51-R-100012, dated July 18, 2001. A copy of Mr. Boyd's message is enclosed.

LHD then retained ROI Industries to evaluate the matter regarding the premature failure of the fabrics, and to conclude if the problems being experienced by Hotel are an assembly issue or a fabric issue. A response from ROI, dated May 2, 2002, indicates that the problem of premature failure is due to the fabric and not the manner of assembly, and further that the fabric lacks the acrylic backing specified in the aforementioned Brownstone Purchase Order.

Brownstone then submitted samples of the fabric for formal testing to Spectra Probe of Slingersland, New York on April 2, 2004. The purpose of this test is to determine analytically if the fabric in question contains the specified acrylic backing, and if it meets the 30,000 double rub requirement set forth in the Brownstone Purchase Order. A copy of the Brownstone transmittal is enclosed. The preliminary results, subject to receipt of a formal report, indicate that the fabric provided to Procaccianti by Peachtree does not contain the acrylic backing and does not meet the 30,000 double rub requirement as specified by Brownstone.

As a result, Procaccianti has experienced a great loss of time and energy in investigating this matter, and has been forced to make rudimentary repairs and take much of the seating out of service. Further, Procaccianti is now facing potential demerits from Starwood

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Hotel & Resorts Worldwide as a result of their periodic inspections to insure that Sheraton-branded hotels meet their operating and appearance criteria. In addition, Procaccianti is facing a tremendous cost to correct a situation that it specifically sought to avoid by providing Peachtree with well-defined criteria and specifications for fabric.

I strongly suggest that you immediately contact John Wormley and Bob Bornstein of LHD and Brownstone, respectively, to discuss this matter and determine a course of action that will put the Hotel in the position it should have been had Peachtree adhered to the criteria and specifications it was provided.

Failure on the part of Peachtree to contact either Mr. Wormley or Mr. Bornstein within ten (10) days of the date herein will force Procaccianti to consider all other avenues of relief, including but not limited to legal action.

Your anticipation cooperation and correction is appreciated.

Respectfully,
THE PROCACCIANTI GROUP

Michael A. Voccola, Esq.

MAV/wp
*Enclosures*
Cc: *John D. Wormley – LHD w/ encs*
*Bob Bornstein – Brownstone w/ encs*

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

From: Origin ID: (401)946-4600
MICHAEL A. VOCCOLA, ESQ
THE PROCACCIANTI GROUP, LLC
1140 RESERVOIR AVENUE

CRANSTON, RI 02920

FedEx Express

E

CLS032404

Ship Date: 07APR04
Actual Wgt: 1 LB
System#: 2548520/INET1800
Account#: S *********

REF: Leominster Legal

Delivery Address Bar Code

SHIP TO: (800)881-7561 BILL SENDER

**James Williams**
**Peachtree Fabrics, Inc.**
**1400 English Street NW**

**Atlanta, GA 303184114**

**PRIORITY OVERNIGHT** **THU**

Deliver By:
08APR04

TRK# 7912 0375 9363 FORM 0201

ATL A1

30318 -GA-US

# XH SYVA

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**el Voccola**

**m:** Michael Voccola [mvoccola@procgroup.com]
**nt:** Wednesday, April 21, 2004 11:42 AM
**o:** 'James Williams - Peachtree Fabrics, Inc.'
**Cc:** 'Bob Bornstein - The Procaccianti Group'; 'John D. Wormley - LHD'
**Subject:** Sheraton Four Points Leominster

Mr. Williams:

I understand that you spoke with Bob Bornstein of this office regarding my letters of April 7, 2004 and April 20, 204, concerning the non-conforming fabric used on a large number of upholstered furnishings at our Sheraton Four Points Leominster Hotel.

Based on the fact that each and every item of furniture on which that non-conforming fabric was used must now be re-upholstered, below please find my proposal to address this matter:

1. Peachtree reimburse us for the cost of all testing, for which invoices will be provided. It is estimated that the cost of this testing incurred by The Procaccianti Group is about $1,000.;

2. Provide us with a sample of the proposed replacement fabric, which must meet the requirements of Lenox Hospitality Design and which must first be re-tested, at your cost, to insure conformance to our original specifications;

3. Assure us that you will provide sufficient material, again which must conform to our original specifications, to a site to be selected by us, at no cost to us for the fabric or the shipping, and provide a time table by which the fabric will be available and will reach the designated delivery point;

4. Pay the cost of the re-upholstery in full. The upholster must meet with our approval, including the finished work.

5. Pay the costs of retrieving the furniture from the guestrooms and common areas, delivering the furniture to the upholsterer and the cost of shipping the furniture back to the Hotel and placing it in the designated guestrooms and common areas, as applicable.

6. Pay the cost of the guestrooms that are out of service due to the missing furniture. Guestrooms which are not fully furnished in accordance with Starwood standards do not meet the criteria for renting, so those guestrooms which have furniture out being upholstered are "out of service" and we experience a loss of revenue as a result.

7. Confirm the extension of the fabric warranty from the date of the new upholstery and not a retroactive date.

8. Pay the costs and expenses incurred by the Hotel, The Procaccianti Group and its entities in dealing with this matter. These costs and expenses are estimated to be $10,000.

Given the potentially difficult logistics of accomplishing the above, we will work with you to make this as palatable as possible for the Hotel and for Peachtree, including assistance in selecting and engaging a qualified upholsterer and making the Hotel available as may be reasonable for the pick up and re-delivery of the furniture.

If this meets with your approval and the approval of an authorized person of Peachtree, I will generate a basic

A true copy attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

...ment of understanding outlining t e points and forward to you for your r  ew and execution. Thereafter, you can coordinate directly with Bob Bornstein.

Thank you.

Michael A. Voccola, Esq.
THE PROCACCIANTI GROUP, LLC
1140 Reservoir Avenue
Cranston, Rhode Island 02920-6032
T: 401 946 4600 Extension 136
F: 401 942 9689
M: 401 952 3181
E: mvoccola@procgroup.com
W: www.procgroup.com

7

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

PEACHTREE FABRICS, INC.

July 26, 2004

Mr. Bob Bornstein
Procurement Division
1140 Reservoir Ave.
Cranston, RI 02920

Dear Mr. Bornstein:

Over the past 50 years Peachtree Fabrics, Inc. has been known throughout the industry as a company who is committed to serving their customers with excellent fabric, pricing and customer service. All of our employees take great pride in trying to ensure that this passion lives on for years to come.

The past several weeks, Peachtree Fabrics has been working diligently toward helping you find the cause and resolution to your problem of defective fabric that was purchased in August of 2001. After much correspondence and a small sample of the defective fabric in question, we had to ask for a larger sample (cushion or piece of furniture) to be sent to us for testing. You agreed to our request and sent us an ottoman that had been upholstered with the fabric in question. Upon arrival of this furniture, we in turn forwarded this to our mill, Valdese Weavers.

Please review the attached letter from Valdese Weavers describing the results from the testing of this fabric. Valdese found that the fabric failure had been caused by something outside of the normal usage and care for the fabric (methods in which the fabric is cleaned).

You stated that the fabric was experiencing premature wear and deterioration. Based on Valdese Weaver's tests, premature wear and deterioration are direct results of improper cleaning techniques. As Valdese Weavers stated – if you have another piece of furniture or casings to support a different conclusion, please forward to us for testing.

After receiving the test results from the mill, Peachtree Fabrics, Inc. finds no merit to your claim that the fabric we sold your company was inferior. Upon return of your ottoman from the mill, I will forward it back to you. I apologize for any inconvenience that this matter has caused you or your company. If you have any questions regarding this matter, please let me know.

Respectfully,

James Q. Williams
National Operations Manager

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

50th ANNIVERSARY 1947-1997

Enclosure

July 16, 2004

Penny Cash

Peachtree Fabrics
1400 English Street
Atlanta, Ga, 30318

Dear Penny:

Thank you for the opportunity to review your customer's complaint with Valdese Weavers fabric pattern 52121-648. As you will recall, your customer has complained that the fabric has completely broken down after 2-3 years in a hotel setting. I have reviewed the submitted ottoman and have noted the following observations:

- Seat top of the ottoman has been removed from the unit prior to arrival at Valdese Weavers. Remaining fabric in the top portion of the unit easily tears away with little or no resistance.
- Remaining fabric for this unit has maintained original strength of fabric construction
- Cushion foam consists of a polyurethane foam bun, wrapped by a Dacron/poly pad/ covered with light plastic. The purpose of the plastic wrap is assumed to provide a barrier for wetness absorption to the foam in case of spillage. However, breakdown of the seating unit shows evidence of water/liquid staining on the seat bun despite this wrapper. This staining is consistent with water exposure, possibly from steam cleaning of the unit to remove stains.
- All other aspects of the remaining fabric appear to maintain the original appearance of the fabric (re: pilling, abrasion resistance, color integrity)

With the above observations in mind, it is the opinion of this lab that the fabric failure has been caused by something outside of the normal usage and care for Valdese Weavers fabric. Please note that all Valdese Weavers fabrics are labeled with "s" cleaning code. Steam cleaning or washing of the fabric may result in a loss of fabric integrity and color transference.

With this information in mind, Valdese Weavers is of the position that we cannot participate in any claim for credit at this time. If your customer would like for this lab to review further casings to support a different conclusion, please have these forwarded to my attention. Please also contact me if you have any questions regarding this or any other matter.

Best regards,

Bob Mould
Technical Services Director

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# STATE OF RHODE ISLAND SUPERIOR COURT

**CIVIL CASE COVER SHEET**

Case * (Filled in by Clerk's Office) PC-05-2815

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| Lenox Hotel, Inc. d/b/a Brownstone Construction, PMA I, L.P. d/b/a FourtPoints By Sheraton Leominster | Peachtree Fabrics, Inc. |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ☐ ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ☐ ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| ☐ BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| ☐ CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| ☐ CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| ☐ CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| ☑ CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| ☐ CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| ☐ CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| ☐ CRJ Civil Rights Job Discrimination | ☐ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☐ PDM Property damage | ☐ TRA Trustee/accounting |
| ☐ DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| ☐ DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| ☐ DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| ☐ Other than above (specify type): | ☐ PRL Product liabilty | ☐ WRD Wrongful death |

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| ☐ AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| ☐ AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ☐ ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| ☐ CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| ☐ CFC Confirm compromise | ☐ MAW Material witness | ☐ R5A Rule 5A petition |
| ☐ CND Condemnation | ☐ MEL Mechanics lien | ☐ REC Receivership |
| ☐ CNT Contempt | ☐ OSW Out of state witness | ☐ RTA Arbitration referral |
| ☐ DOC Dissolution of corp. | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| ☐ DOT Trustee / declination of | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| ☐ DSC Disclaimer | ☐ PFI Petition for immunity | ☐ VAR Arbitration / vacate |
| ☐ Other than above (specify type): | | |

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☑ Yes ☐ No If yes: ☐ Jury ☐ Non-jury

( Attorney name and Registration # Maurene Souza #6555 (Date)

Pro se/Name

SC-223 (Rev. 6/00)

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
May 3 2005

SUPERIOR COURT FILED HENRY S. KINCH JR., CLERK 2005 MAY -3 P 12:35

#118817