**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LENOX HOTEL, INC. d/b/a/ BROWNSTONE CONSTURCTION, PMA I.L.P., d/b/a FOUR POINTS BY SHERATON LEOMINSTER, | |
| Plaintiff | C.A. No. 05-230 |
| v. | |
| PEACHTREE FABRICS, INC., | |
| Defendant | |

**ANSWER**

Now comes the Defendant, Peachtree Fabrics, Inc. ("Peachtree"), and hereby responds to the Complaint as follows:

**Parties**

1. Upon information and belief, admitted.

2. Upon information and belief, admitted.

3. Admitted.

**Jurisdiction**

4. Upon information and belief, admitted.

5. Peachtree neither admits nor denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint and leaves Plaintiffs to their proof.

**Background**

6. Denied.

7. Denied.

8. Denied.

9. Peachtree admits that fabric was shipped to Jackson of Danville.

5

Peachtree denies that such shipment was pursuant to the Revised Purchase Order No. 51-R-10012.

10. Peachtree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and leaves Plaintiffs to their proof.

11. Peachtree admits that it received a letter dated February 26, 2002 from Polly Tran. Peachtree denies the remaining allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Peachtree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and leaves Plaintiffs to their proof.

13. Peachtree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and leaves Plaintiffs to their proof.

14. Peachtree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and leaves Plaintiffs to their proof.

15. Peachtree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and leaves Plaintiffs to their proof.

16. Peachtree admits it received the letter dated April 7, 2004 and attached to the Plaintiffs' Complaint, which letter speaks for itself.

17. Peachtree admits that Mr. Williams received the email dated April 21, 2004 and attached to the Plaintiffs' Complaint, which email speaks for itself.

18. Admitted.

19. Peachtree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and leaves Plaintiffs to their proof.

20. Peachtree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and leaves Plaintiffs to their proof.

**Count 1: Breach of Contract**

21. Peachtree hereby incorporates its responses to Paragraphs 1 through 20 of Plaintiffs' Complaint as if fully set forth herein.

22. Denied.

23. Denied.

24. In so far as the allegations in Paragraph 24 of Plaintiffs' Complaint state legal conclusions, no answer is required. The remaining allegations in Paragraph 24 of Plaintiffs' Complaint are denied.

25. Denied, in so far as the fabric was not non-conforming.

26. Denied.

WHEREFORE, Defendant Peachtree prays that this Court enter judgment in its favor and against the Plaintiffs and that it be awarded all costs and attorneys' fees associated with the prosecution of this matter and such other relief to which it is entitled both at law and in equity.

**Count II: Breach of Warranty of Merchantability and Fitness for a Particular Purpose**

27. Peachtree hereby incorporates its responses to Paragraphs 1 through 26 of Plaintiffs' Complaint as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

WHEREFORE, Defendant Peachtree prays that this Court enter judgment in its favor and against the Plaintiffs and that it be awarded all costs and attorneys' fees associated with the prosecution of this matter and such other relief to which it is entitled both at law and in equity.

**Count III: Breach of Express Warranty of Workmanship and Material**

32. Peachtree hereby incorporates its responses to Paragraphs 1 through 26 of Plaintiffs' Complaint as if fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

WHEREFORE, Defendant Peachtree prays that this Court enter judgment in its favor and against the Plaintiffs and that it be awarded all costs and attorneys' fees associated with the prosecution of this matter and such other relief to which it is entitled both at law and in equity.

**Count III: Breach of Good Faith**

36. Peachtree hereby incorporates its responses to Paragraphs 1 through 26 of Plaintiffs' Complaint as if fully set forth herein.

37. Insofar as this paragraph sets forth legal conclusions, no response is required.

38. Denied.

39. Denied.

WHEREFORE, Defendant Peachtree prays that this Court enter judgment in its favor and against the Plaintiffs and that it be awarded all costs and attorneys' fees associated with the prosecution of this matter and such other relief to which it is entitled both at law and in equity.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. To the extent that the problems, if any, of which the Plaintiffs complain were caused in whole or in part by the actions of third parties over whom Peachtree has no control, Peachtree has no liability.

3. To the extent that the problems, if any, of which the Plaintiffs complain were caused in whole or in part by the Plaintiffs' own negligence, misuse and/or abuse of the fabric at issue, Peachtree has no liability.

4. Peachtree pleads the affirmative defenses of waiver and estoppel.

5. Peachtree pleads the affirmative defense of laches.

6. Peachtree pleads the affirmative defense of accord and satisfaction.

7. Plaintiffs have failed to mitigate their damages, if any.

8. Peachtree pleads all affirmative defenses available under R.I. Gen. Laws. §§ 6A-2-601 et. seq.

9. Insofar as Plaintiffs knew or should have known that the fabric shipped by Peachtree did not conform to their order, Plaintiffs are barred from any remedy because they did not notify Peachtree within a reasonable time as required by R.I. Gen. Laws § 6A-2-607.

Peachtree reserves the right to amend its Answer to revise current or include additional affirmative defenses which may become known through the course of discovery.

PEACHTREE FABRICS, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli (#4684)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: May 26, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER was mailed, postage prepaid, on this 27th day of May, 2005 to:

Maurene G. Souza, Esq.
MACADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903

801204_1/4600-2